Filed 6/23/23  P. v. McDonough CA3
Opinion following transfer from Supreme Court

## NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Nevada)

----

| | |
|---|---|
| THE PEOPLE, | C092461 |
| Plaintiff and Respondent, | (Super. Ct. No. SF07431) |
| v. | OPINION ON TRANSFER |
| CLIFFORD KEITH MCDONOUGH, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), after the denial of defendant Clifford Keith McDonough's petition for resentencing pursuant to Penal Code section 1172.6.[1]  After defendant filed a supplemental brief

---

[1] Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Defendant filed his petition under former section 1170.95, but we will cite to the current section 1172.6 throughout this opinion.  Undesignated statutory references are to the Penal Code.

1

raising issues relating to the trial court's denial of his petition, we affirmed the judgment in our original opinion filed August 11, 2021.

Defendant petitioned our Supreme Court for review; the Supreme Court has now directed us to reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). We shall again affirm.

## I. BACKGROUND

On September 30, 2008, a jury found defendant guilty of second degree murder (§ 187), inflicting corporal injury resulting in a traumatic condition on his spouse (§ 273.5, subd. (a)), with the enhancement he personally inflicted great bodily injury under circumstances of domestic violence (§ 12202.7, subd. (e)), and of misdemeanor battery (§ 242). For second degree murder, defendant's jury was instructed with CALCRIM No. 520 and exclusively on an implied malice theory. On December 5, 2008, defendant was sentenced to 15 years to life plus six years in prison.

Defendant appealed his convictions, which we affirmed. (*People v. McDonough* (June 1, 2010, C060726) [nonpub. opn.].)

On April 6, 2020, defendant filed a petition for resentencing under section 1172.6. On June 9, 2020, after appointing defendant counsel and briefing by the parties, the trial court denied defendant's petition, finding him ineligible for relief because he was the actual killer.

Defendant filed a timely notice of appeal from this order. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*Wende, supra*, 25 Cal.3d 436.) Counsel advised defendant of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. As we reference herein, defendant exercised his right to file a supplemental brief.

On April 7, 2023, after defendant's case was transferred back to us, we notified defendant: (1) counsel had filed a brief indicating no arguable issues had been identified

by counsel; (2) as a case arising from an order denying postconviction relief, defendant was not entitled to counsel or to an independent review of the record; and (3) in accordance with the procedures set forth in *Delgadillo*, defendant had 30 days in which to file a supplemental brief or letter raising any argument he wanted this court to consider. In addition, we notified defendant if we did not receive a letter or brief within that 30-day period, the court may dismiss the appeal as abandoned.

## II. DISCUSSION

When an attorney files a brief under *Wende* after a denial of a section 1172.6 petition, *Delgadillo* requires, in part, consideration of any arguments raised by a defendant in supplemental briefing. (*Delgadillo, supra*, 14 Cal.5th at pp. 231-232.) Defendant, on transfer, filed a supplemental brief making the same argument that he did in his original supplemental brief. He challenges the trial court's denial of his section 1172.6 petition, arguing he "was convicted by jury of second degree murder under a theory of 'natural and probable consequences.' " Defendant also contends the trial court improperly resolved factual disputes at the prima facie stage.

Senate Bill No. 1437 (2017-2018 Reg. Sess.), which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added former section 1170.95 (now section 1172.6), which applies these changes retroactively by permitting qualifying individuals who were "convicted of felony murder or murder under a natural and probable consequences doctrine . . . [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts." (§ 1172.6, subd. (a).) Once a complying petition is filed, the court appoints

3

counsel if requested, the parties submit briefs, and the trial court makes a prima facie determination of eligibility.  (*People v. Lewis* (2021) 11 Cal.5th 952, 966.)  The prima facie inquiry is "limited" and courts must " ' "take[] petitioner's factual allegations as true." ' " (*Id*. at p. 971.)  " 'However, if the record [of conviction], including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid*.)

The record of conviction here establishes defendant's position is plainly false. The jury was not instructed on the natural and probable consequences doctrine for second degree murder as an accomplice.  Instead, under CALCRIM No. 520, the jury was required to find defendant was the direct perpetrator who "committed an act that caused the death of another person."  The jury also found he acted with implied malice, in that he "intentionally committed the act" and "knew his act was dangerous to human life," yet "deliberately acted with conscious disregard for human life."  Thus, defendant's second degree murder conviction is still valid after Senate Bill No. 1437, and he is ineligible as a matter of law for relief under section 1172.6.  The trial court properly denied defendant's petition.

## III.  DISPOSITION

The order denying defendant's petition for resentencing pursuant to section 1172.6 is affirmed.

/S/

_____

RENNER, J.

We concur:

/S/

_____

ROBIE, Acting P. J.

/S/

_____

KRAUSE, J.